**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Elyse Robinson, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br><br><br><br>    -v.-<br><br>Dynamic Recovery Solutions, LLC, Cavalry SPV I, LLC and John Does 1-25,<br><br>              Defendant(s). | C.A. No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Elyse Robinson (hereinafter "Plaintiff") brings this Class Action Complaint by and through her attorneys, Garibian Law Offices, P.C., against Defendant Dynamic Recovery Solutions, LLC (hereinafter "Defendant DRS") and Defendant Cavalry SPV I, LLC (hereinafter "Defendant Cavalry SPV") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION**

1.    Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate (*Id.* § 1692(b)), Congress gave consumers a private cause of action against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Delaware consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Delaware, County of New Castle, and resides at 2093 Philadelphia Pike 1106, Claymont DE 19703.

8. Defendant DRS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address at 135 Interstate Blvd., Suite 6 Greenville, SC 29615.

9. Upon information and belief, Defendant DRS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Cavalry SPV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address at 500 Summit Lake Dr., Valhalla, New York 10595.

11. Defendant Cavalry SPV is engaged in the business of acquiring, or claiming to acquire, delinquent debts and collecting them, both directly and through collection agencies. It is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12. Upon information and belief, Defendant Cavalry SPV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. All acts of Defendant DRS with respect to the collection of this account were conducted as authorized agent for Defendant Cavalry SPV.

13. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ALLEGATIONS**

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

    a. all individuals with addresses in the State of Delaware;

    b. to whom Defendant DRS sent an initial collection letter attempting to collect a consumer debt;

    c. on behalf of Defendant Cavalry SPV;

    a. which implied that there was a possibility that Defendant DRS could sue on the debt when it could not;

    b. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent

        class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

23. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

24. Some time prior to March 9, 2020, an obligation was allegedly incurred to creditor Synchrony Bank/AEO, Inc.

25. The Synchrony Bank/AEO, Inc. obligation arose out of transactions incurred primarily for personal, family or household purposes.

26. The alleged Synchrony Bank/AEO, Inc. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

27. Synchrony Bank/AEO, Inc. is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

28. Defendant Cavalry SPV purchased the Synchrony Bank/AEO, Inc. debt and contracted with the Defendant DRS to collect the alleged debt.

*Violation – March 9, 2020 Collection Letter*

29. On or about March 9, 2020, Defendant DRS sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed to Defendant Cavalry SPV. See a true and correct copy of the Letter attached at Exhibit A.

30. The letter states in pertinent part:

"The law limits how long you can be sued on a debt. Due to the age of your debt, Cavalry and Dynamic Recovery Solutions will not sue you for it. If you do not pay the debt, Cavalry may report or continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again."

31. The statement clearly implies that Defendant DRS could have sued but for the age of

the debt.

32. This is a false statement because Defendant DRS would never be able to sue on this debt due to the fact that DRS did not own the debt.

33. Plaintiff incurred an informational injury from the deceptive and misleading Letter because the Letter implied that were it not for the age of the debt, Defendant DRS could sue, when in fact, DRS did not own the debt and thus, could not sue at any point.

34. For example, if a partial payment was made by the Plaintiff and the statute of limitations would be restarted, Plaintiff would be deceived into thinking that she could be sued by both Defendant Cavalry and Defendant DRS, when in reality she could only be sued by Defendant Cavalry, the owner of the debt.

35. As a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## **COUNT I**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. §1692e *et seq.***

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

37. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

38. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. Defendants violated §1692e:

   a. As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

8

    b. By making a false and misleading representation in violation of §1692e(10).

40. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Elyse Robinson, individually and on behalf of all others similarly situated, demands judgment from Defendant DRS and Defendant Cavalry SPV as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Antranig Garibian, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esq. (Bar No. 4962)
1010 N. Bancroft Pkwy, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Attorneys for Plaintiff*